IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SCOTTY WAYNE RIDDLE                                                                                    PLAINTIFF

      v.                                  Civil No. 14-2009

JOHN ALLEN WILLIAMSON, JR.;
and LAWANDA WILLIAMSON                                                                         DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights claim filed by the Plaintiff pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.*

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A the court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### Background

According to the complaint, Plaintiff was involved in a case in Sequoyah County Circuit Court in Sallisaw, Oklahoma, concerning a member of John Williamson's (John) family. During this time, Plaintiff alleges that John verbally "attacked" him both privately and publically.

On October 10, 2012, Plaintiff alleges he was eating dinner at Papa's Pizza. During the course of his meal, John and Lawanda came into the restaurant. The Defendants made a disturbance by claiming Plaintiff had followed them to the restaurant and would do physical harm to John. They also claimed that Lawanda had an order of protection against Plaintiff. Defendants claimed Plaintiff was stalking and harassing them.

The Fort Smith Police Department was called and during their investigation discovered Plaintiff had been at the restaurant first and in fact had been there for approximately an hour. Defendants were arrested and charged with obstruction of governmental operations. There was no record of Lawanda having a protective order against the Plaintiff.

Plaintiff alleges these public accusations leaked out to the media and appeared in print and on the radio. The attack on his character "had a grossly negative impact on my life and was instrumental towards the loss of visitation and custodial rights of [his] 5-year-old daughter Khole." As relief, Plaintiff seeks compensatory and punitive damages.

**Discussion**

Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publishing Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; that is, those cases involving violations of federal constitutional or statutory law. *See e.g., Southwestern Bell Telephone Co. v. Connect Communications Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382 (1884)) (alteration in original)). If it appears that jurisdiction is lacking, the Court will raise the issue *sua sponte*. *Dieser v. Cont'l Cas. Co.,* 440 F.3d 920, 923 (8th Cir. 2006).

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

"[A] private party's mere invocation of state legal procedures does not constitute state action." *Youngblood v. Hy-Vee Food Stores, Inc.*, 226 F.3d 851, 855 (8th Cir. 2001)(Store employee, who was not employed by the police department, was not a state actor when employee reported suspected shoplifting and detained the shoplifter until police arrived)(*citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n. 21 (1982)).

Moreover, "[D]efamation, per se, is not actionable under section 1983." *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981). *See also Wade v. Goodwin*, 843 F.2d 1150, 1152 (8th Cir. 1988)(A cause of action for damage to character or reputation is not cognizable under § 1983). The Supreme Court has held that a person's interest in hix reputation is not considered liberty or property protected by the due process clause. *Paul v. Davis*, 424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976). Thus, "regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." *Idema v. Wager*, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000), *aff'd* 29 Fed. Appx. 676 (2d Cir. 2002).

Finally, diversity of citizenship under 28 U.S.C. § 1332 exists if there is complete diversity of citizenship and the amount in controversy is more than $75,000. *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1172 (8th Cir. 2008). In this case, both the Plaintiff and the Defendants are citizens of Arkansas. Diversity of citizenship therefore does not exist. No other

basis for federal court jurisdiction exists in this case.

### Conclusion

For the reasons stated, I recommend that the complaint be dismissed prior to service of process because no basis for federal court jurisdiction is stated in the complaint. 28 U.S.C. § 1915(e)(2)(b)(requirement that the Court screen *in forma pauperis* complaints to determine if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a Defendant who is immune from suit).  Dismissal of this action will constitute a strike and the Clerk should be directed to place a § 1915(g) strike on the case.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of February 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE